The opinion of the Court was delivered by
Richardson, J.
Both these cases present the single question, whether the principal and sureties, or either, in a bond to the Ordinary, for the faithful administration of intestate’s effects, must, of necessity, be cited before the Ordinary to account, in the language of the bond, for “the actings and doings” of the administrator, before they, or either, can be liable to be sued upon their bond ? In the laws of contract, this rule is plain, that no one can be bound but by the plain expression of his undertaking, unless varied by some established rule of interpretation. Here the expression is, “do make a just and true account of,” &c., “when required by the said Court,” (the Court of Ordinary.) Words cannot be more explicit. It is asked, whom can you now cite, the administratrix being dead ? The answer is easy and satisfactory, let those who are interested act as they must, before claiming account in a Court of Equity, where a principal party is dead, i. e., make a representative, or possibly it might suffice to cite the securities before the Ordinary ; but I cannot, for myself, recommend the latter course.
It cannot be lost sight of, too, that bringing administrators to account in this Court, is taking them from the proper jurisdiction, the Court of Equity or Ordinary. Executors, standing in precisely the same situation, cannot be compelled to account in this Court, *and it would be most inconvenient to bring them here without the peculiar powers of the Court of Equity, The same objections arise against bringing administrators to account here. Over and above, then, the letter of the bond, which is deemed conclusive, the arguments ab inconvenienti are cogent, and the motion to set aside the nonsuit is unanimously refused.
Nott, Johnson and Gantt, JJ., concurred.
See 6 Riot. 355 ; 4 Riot. 271; 4 MoC. 113; 1 MoC. 380 ; 7 Riot. 179.